Archibald Flournoy *against* Childress and Hickman.

*December,* 1822.

CHILDRESS and *Hickman* declared in debt in the Circuit Court of *Madison* County against Flournoy, on a promissory note for $75. He filed a general demurrer. A judgment as by default was entered against him for $95 debt, and $9$\frac{34}{100}$, damages and the costs—on which he brought Error to this Court. The material assignments of Errors appear in the

1. A demurrer, though not sustainable, must be disposed of by the Court below. 2. Plaintiff cannot recover more than he declares for.

Opinion delivered by Judge *Saffold*.

Admitting that the demurrer was not sustainable, it should have been disposed of by a decision of the Court below. It could not properly be treated as a nullity. There was Error in rendering the judgment as by default. The judgment is for more than the declaration claims. The counsel for the defendants in Error, contends, that it was competent for the Circuit Court to correct this matter, and that this Court should not take jurisdiction of it. It is true that the *entering* of the judgment is the ministerial act of the clerk; but in doing so, he exercises no judicial function. It is the judgment, not of the clerk, but of the Court. If the Circuit Court, on *timely* application, might have corrected the entry, it has not been done so. It is a well settled principle, that the plaintiff cannot recover more than he claims in his declaration (see *Dinsmore* against *Austill,* ante, p. 89). The final judgment for more is a proper subject for appellate jurisdiction. It is the unanimous opinion of the Court that the judgment be reversed, and the cause be remanded.